983 So.2d 27 (2008)
Zack PETERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D07-3943.
District Court of Appeal of Florida, First District.
April 23, 2008.
Rehearing Denied June 9, 2008.
*28 Anabelle Dias of Anabelle Dias Associates, P.A., Tallahassee, for Petitioner.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Respondent.
KAHN, J.
Petitioner seeks a writ of prohibition to review an order denying his motion to dismiss based on the statutory immunity established by section 776.032(1), Florida Statutes (2006). We deny the petition and hold that a criminal defendant claiming protection under the statute must demonstrate by a preponderance of the evidence that he or she is immunized from prosecution. Here, the trial court applied the correct standard.
The State charged petitioner with one count of attempted first-degree murder, alleging that petitioner shot his brother with a firearm. Petitioner moved to dismiss the information on the ground that he was immune from criminal prosecution pursuant to section 776.032, Florida Statutes (2006), because the shooting occurred when petitioner's brother assaulted him after having been asked to leave petitioner's home.
The trial court conducted a hearing at which the parties did not present live evidence but, instead, presented the deposition of an eyewitness  petitioner's and the victim's sister  as well as the deposition of the alleged victim. After consideration of the evidence and the arguments, the trial court entered an order denying petitioner's motion to dismiss. The trial court correctly observed that no rule or procedure had yet been enacted to guide trial courts in deciding a claim of immunity brought under section 776.032(1). The court nevertheless proceeded to recognize its role as finder of fact at this stage of the proceedings, "much in the same way that it does when deciding whether the state has proved a confession is voluntary." The court then determined that the testimony of the alleged victim was clear and reasonable, and "prosecution for attempted murder [would not be] precluded as a matter of law because the facts do not establish a self-defense immunity." The trial court further found that immunity had not been established as a matter of fact or law, and denied the motion to dismiss.
Petitioner now seeks a writ of prohibition, arguing he was entitled to immunity as a matter of law. The State responds, suggesting, among other things, that any factual dispute should defeat a claim of statutory immunity, and further suggesting that a motion under section 776.032 should be treated as having been brought *29 under Florida Rule of Criminal Procedure 3.190(c)(4). We reject the State's suggestions and hold that the trial court correctly handled the motion below.
In a much-publicized move, the Florida Legislature enacted in 2005 what has been popularly (e.g. http://en.wikipedia.org/wiki/Castle_Doctrine_# Stand-your-ground) referred to as the "Stand Your Ground" law. Ch.2005-27, § 5, at 202, Laws of Fla. This law, as codified, provides that a person who uses force as permitted in section 776.013 is justified in using such force and is immune from criminal prosecution as well as civil action for the use of such force. § 776.032, Fla. Stat. (2006). Section 776.013, Florida Statutes (2006), states:
(1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
(a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcefully entered, a dwelling, a residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and
(b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.
The wording selected by our Legislature makes clear that it intended to establish a true immunity and not merely an affirmative defense. In particular, in the preamble to the substantive legislation, the session law notes, "[T]he Legislature finds that it is proper for law-abiding people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action for acting in defense of themselves and others." Ch.2005-27, at 200, Laws of Fla.
We now hold that when immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes. The court may not deny a motion simply because factual disputes exist. Here, the trial court did what was required. Petitioner is not precluded from submitting the matter to the jury as an affirmative defense in his criminal trial.
In the absence of a procedure for handling these matters, we find guidance from the Colorado Supreme Court's decision in People v. Guenther, 740 P.2d 971 (Colo. 1987). In that case, the court decided that Colorado's similar immunity statute authorized a trial court to dismiss a criminal prosecution at the pretrial stage and did not merely create an affirmative defense for adjudication at trial. Id. at 976. The court further determined that a defendant raising the immunity would have the burden of establishing the factual prerequisites to the immunity claim by a preponderance of the evidence. Id. at 980. The court imposed the same burden of proof as it would in motions for postconviction relief or motions to suppress. Id.
Likewise, we hold that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches. As noted by the trial court, courts have imposed a similar burden for motions challenging the voluntariness of a confession. See, e.g., McDole v. State, 283 So.2d 553, 554 (Fla.1973). We reject any suggestion that the procedure established by rule 3.190(c) should control *30 so as to require denial of a motion whenever a material issue of fact appears.
DENIED.
WOLF and VAN NORTWICK, JJ., concur.