9 So.3d 22 (2009)
Ricardo VELASQUEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D08-4894.
District Court of Appeal of Florida, Fourth District.
February 2, 2009.
Rehearing Denied February 10, 2009.
*23 Ralph S. Behr, Fort Lauderdale, for petitioner.
No appearance required for respondent.
MAY, J.
The defendant filed a petition for writ of prohibition challenging the trial court's failure to find the defendant immune under section 776.032, Florida Statutes (2008), the "Stand Your Ground" law. The defendant argues he is entitled to immunity under the statute because the trial court failed to make a probable cause finding that the force he used was unlawful. We disagree and deny the petition.
We write to clarify the procedure to be followed in handling Florida Rule of Criminal Procedure 3.190(c)(4) motions to dismiss based on section 776.032. In doing so, we certify conflict with the First District Court of Appeal in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008).
The State charged the defendant with attempted murder. The defendant filed a motion to dismiss, pursuant to section 776.032 and Florida Rule of Criminal Procedure 3.190(c)(4). The defendant's affidavit attested that he was attacked by the victims the night before the incident giving rise to the charge. The next day, one of the victims sent a text message asking the defendant to come to an apartment. When the defendant knocked on the door, one of the victims opened the door and began to attack him. The other victim joined the attack, stabbing and beating the defendant unconscious.
The trial court held a hearing on the motion. The State introduced the testimony of an officer and a detective, who testified that their investigation revealed the defendant's use of force was unjustified. Specifically, the officers testified that the defendant arrived at the victim's apartment armed, vandalized the victim's vehicle with a knife, forced his way into the apartment, and attacked the victim with a knife. Based on this testimony, the trial court found the defendant had not established by a preponderance of the evidence that he was immune from prosecution under section 776.032.
We deny the petition for writ of prohibition because the trial court reached the correct conclusion and acted within its jurisdiction.[1]English v. McCrary, 348 So.2d 293, 296 (Fla.1977) ("Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction."). We disagree however that the procedure outlined in Peterson is correct.
Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure provides for the filing of a motion to dismiss when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Subsection (d) allows for the state to traverse or demur the motion and for the court to receive evidence on any issue of fact. It then provides that "[a] motion to dismiss under subdivision (c)(4) of this rule shall *24 be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss." Fla. R. Civ. P. 3.190(d). Here, the State presented evidence disputing the attestations of the defendant and creating issues of fact. As set forth in the rule, under such circumstances the motion to dismiss "shall be denied."
The "Stand Your Ground" statute provides:
A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer, as defined in s. 943.10(14), who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.
§ 776.032(1), Fla. Stat. (2007). The statute then provides for law enforcement to make an initial determination of whether there was probable cause that the force used was unlawful. § 776.032(2), Fla. Stat. This allows law enforcement officers to determine a suspect's immunity prior to making an arrest.
By defining "criminal prosecution" to include the arrest, detention, charging, or prosecution of the defendant, the statute allows for an immunity determination at any stage of the proceeding. Created to eliminate the need to retreat under specified circumstances, the statute authorized the immunity determination to be made by law enforcement officers, prosecutors, judges, and juries. In enacting the statute, however, the legislature did not restrict the time frame for determining immunity, but rather provided a time continuum stretching across the entire criminal process.
When rule 3.190(c)(4) is used as the vehicle to raise the issue of immunity under section 776.032(2), that rule provides the procedural framework by which the court makes its determination. That rule mandates the denial of a motion to dismiss when as here, the facts are in dispute. Thus, the trial court properly denied the motion.
In Peterson, the First District held that the procedure established by rule 3.190(c) does not control the immunity determination. 983 So.2d at 28-29. Instead, the Peterson court found guidance in People v. Guenther, 740 P.2d 971 (Colo.1987). Id. at 29. There, the Colorado Supreme Court held that a defendant, raising an immunity defense under a similar statute, had the burden of proving the entitlement to immunity by a preponderance of the evidence. To do so, the trial court was authorized to weigh conflicting evidence. Following Guenther, the Peterson court held "that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches." Id.
We recognize the efficacy of the procedure outlined in Peterson, but disagree that it is within our province to create a process sanctioned neither by statute nor existing rule.
Petition Denied.
HAZOURI, J., concurs.
POLEN, J., specially concurs.
POLEN, J., concurring specially.
I agree with the result reached by the majority and most of the majority's analysis. *25 I disagree, however, as to the rejection of the procedure approved by the First District Court of Appeal in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008). While I question whether a trial court could properly determine factual disputes solely on the strength of one eye-witness deposition and argument of counsel, as the court did in Peterson, there was a full evidentiary hearing in this case. Nonetheless, I think the first district was correct in holding that the trial judge must make the initial decision whether the defendant has met her or his burden of establishing the right to immunity, and hence dismissal, under section 776.032, Florida Statutes. This would be so whether or not the state has filed a "traverse" as provided in Florida Rule of Criminal Procedure 3.190(d). In my view, a traverse would not automatically send the case to the jury. And if a trial court were to find entitlement to section 776.032 immunity and dismiss the charges, such a ruling would then be subject to immediate appellate review. I would not certify conflict with Peterson.
NOTES
[1] The trial court correctly relied on the procedure dictated by Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008), because this court had not yet addressed the issue. McGauley v. Goldstein, 653 So.2d 1108, 1109 (Fla. 4th DCA 1995) (citations omitted).