POLEN, J.,
concurring specially.
I agree with the result reached by the majority and most of the majority’s analy *25 sis. I disagree, however, as to the rejection of the procedure approved by the First District Court of Appeal in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008). While I question whether a trial court could properly determine factual disputes solely on the strength of one eye-witness deposition and argument of counsel, as the court did in Peterson, there was a full evidentiary hearing in this case. Nonetheless, I think the first district was correct in holding that the trial judge must make the initial decision whether the defendant has met her or his burden of establishing the right to immunity, and hence dismissal, under section 776.032, Florida Statutes. This would be so whether or not the state has filed a “traverse” as provided in Florida Rule of Criminal Procedure 3.190(d). In my view, a traverse would not automatically send the case to the jury. And if a trial court were to find entitlement to section 776.032 immunity and dismiss the charges, such a ruling would then be subject to immediate appellate review. I would not certify conflict with Peterson.