ON MOTION FOR CERTIFICATION
 

 GRIFFIN, J.
 

 After having denied the petition for writ of certiorari, we now have this case on a Motion for Certification of a Question of Great Public Importance, to wit:
 

 In determining a defendant’s motion to dismiss on the grounds of immunity
 
 *115
 
 from prosecution under § 776.032 Florida Statutes, what is the procedure the trial court must follow, what is the correct allocation of the burden of proof, and what standard of proof must a party meet in order to carry the burden allocated to him or her?
 

 The question arises in light of two recent decisions by our sister courts. In
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008), the First District Court of Appeal concluded that the right to immunity from criminal prosecution afforded in section 776.031(1), Florida Statutes (2007) (commonly known as the “stand your ground” law) is to be determined by the court after an evidentiary proceeding in which the criminal defendant has the burden of proof by a preponderance of the evidence. Recently, the Fourth District has disagreed with the First District in
 
 Velasquez v. State,
 
 9 So.3d 22 (Fla. 4th DCA 2009).
 
 [1]
 
 In
 
 Velasquez,
 
 the panel majority ruled that Florida Rule of Criminal Procedure 3.190(c)(4) is the proper device for testing this immunity and that whenever the State traverses and properly disputes the facts contained in the defense motion, the motion must be denied and the issue determined at trial.
 

 In this proceeding, Defendant has taken a view different from that of both courts. Defendant urges that because the burden remains with the State to prove its case, including the absence of self-defense, the proper approach is to have the court make the determination at a proceeding much like the one
 
 Peterson
 
 requires, except that the burden at such a proceeding would be on the State to establish that Defendant is not entitled to immunity.
 

 In our prior opinion, which was issued virtually simultaneously with
 
 Velasquez,
 
 we adopted the procedure described in
 
 Peterson.
 
 Now, with the benefit of
 
 Velasquez,
 
 we see no reason to alter our opinion. In the case before us, the trial court conducted both a Peterson-type hearing, as well as a rule 3.190(c)(4) hearing, and denied Defendant’s claim of immunity in both. The court explained that Defendant did not meet his burden of establishing his claim of immunity by a preponderance of the evidence.
 

 We elect not to certify the question posed at this time, although it appears from the number of cases already resulting in opinions and the differing views expressed about how the new statutory immunity should be determined, that this is a question that eventually will require a definitive answer from our high court. In this case, we will take it up, if raised, on plenary appeal. Accordingly, the Motion to Certify is denied.
 

 MOTION DENIED.
 

 SAWAYA and MONACO, JJ., concur.
 

 [1]
 

 .
 
 See also Dennis v. State,
 
 - So.3d -, 2009 WL 605356 (Fla. 4th DCA 2009).