PER CURIAM.
Harold Govoni petitions for a writ of prohibition from a denial of a motion to dismiss asserting statutory immunity under section 776.032, Florida Statutes (2008). We deny the petition.
Govoni is a retiree with no criminal past who lives in a residential community in Boca Raton. He is the president and authorized agent of the community association.
Govoni has been charged with five counts of aggravated assault with a firearm and improper exhibition of a dangerous weapon. The charges arose out of Govoni’s encounter with five young men. Govoni says he held his “unloaded gun in his hand” to protect himself from “dope *810 smoking trespassers.” Relying on the statements of the victims, the state’s version casts Govoni in a different light.
Govoni filed a rule 3.190(c)(4) motion to dismiss based on section 776.032. The state filed a traverse and argued that there were disputed factual issues as to whether there could be a reasonable belief that Govoni’s use of force was necessary under the circumstances. See § 776.031, Fla. Stat. (2008).
The circuit judge noted that Govoni’s motion was not sworn to as required by Rule 3.190(c). Also, the judge observed that he was bound by our decision in Velasquez v. State, 9 So.3d 22, 24 (Fla. 4th DCA 2009), which held that “[w]hen rule 3.190(c)(4) is used as the vehicle to raise the immunity issue under section 776.032, that rule provides the procedural framework by which the court makes its determination.” Therefore, the court was required to deny the motion, because the state’s traverse placed essential material facts in dispute.
Govoni recognizes that Velasquez required the denial of his motion. He requests this court to certify conflict with Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008), as we did in Velasquez. Accordingly, the petition for writ of prohibition is denied and we certify conflict with Peterson.
HAZOURI and DAMOORGIAN, JJ., concur.
GROSS, C.J., concurs specially with opinion.