GROSS, C.J.,
concurring specially.
The denial of the petition is required by our decisions in Velasquez v. State, 9 So.3d 22 (Fla. 4th DCA 2009) and Dennis v. State, 17 So.3d 305 (Fla. 4th DCA 2009) (holding that “a motion to dismiss based on statutory immunity is properly denied when there are disputed issues of material fact”).
I write to note that the current version of Rule 3.190 allows the procedure contemplated in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008).
In 2005, the Florida Legislature passed a statute granting immunity under certain conditions of self-defense. The law reads, “[a] person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force.” § 776.032, Fla. Stat. (2006). The preamble to the legislation declares, “it is proper for law-abiding people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action.” Ch. 2005-27, at 200, Laws of Fla. (emphasis added). As the first district wrote, “[t]he wording selected by our Legislature makes clear that it intended to establish a true immunity and not merely an affirmative defense.” Peterson, 983 So.2d at 29. The essence of true immunity means that a person entitled to it should not have to face prosecution at all. Where it applies, this type of immunity means that a defendant has a right not to stand trial.
A motion to dismiss under rule 3.190(e)(4) is not well-suited to resolve a claim of “true immunity” from prosecution. In most cases, where a prosecutor has elected to file charges, there will be a factual dispute about whether section 776.032 immunity applies. Rule 3.190(c)(4) is structured to avoid a judge’s resolution of factual disputes, leaving those matters to the finder of fact at a trial. A rule 3.190(c)(4)motion to dismiss is similar to a motion for summary judgment in a civil case, and as such “[bjoth should be granted sparingly.” State v. Bonebright, 742 *811 So.2d 290, 291 (Fla. 1st DCA 1998); see State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000). Yet, forcing disputed immunity claims to trial undercuts the concept of immunity adopted by the legislature.
Rule 3.190 allows for contested hearings on motions to dismiss. The rule does not limit the grounds upon which a motion to dismiss may be filed. Rule 3.190(b) states that
all defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(Emphasis added). The rule uses the terms “defenses” and “defense” broadly, so that it encompasses a claim to section 776.032 immunity. The four grounds specified in rule 3.190(c)(1)-(4) — that the defendant has been pardoned, previously been placed in jeopardy, previously been granted immunity, or that the undisputed facts do not establish a prima facie case of guilt — are not the exclusive grounds allowed under the rule. Rather, the rule states that those four grounds “may at any time [be] entertainfed]” by the court. Rule 3.190(d) expressly contemplates hearings to resolve disputed issues of fact when it says, “[t]he court may receive evidence on any issue of fact necessary to the decision on the motion.”
For these reasons, I do not believe that we were correct in Velasquez when we said that Peterson created “a process sanctioned neither by statute nor existing rule.” Velasquez, 9 So.3d at 24. Peterson rejected the proposition that rule 3.190(c)(4) should exclusively control the determination of a section 776.032 immunity claim. 983 So.2d at 29. The first district held that “when immunity under this law is properly raised by a defendant,” the trial court “may not deny a motion [to dismiss] simply because factual disputes exist.” Id. Faced with a factual conflict, a court must hold a hearing to confront and weigh the factual disputes, so that it can “determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.” Id. Peterson ’s procedure for a contested evidentia-ry hearing fits within the framework of rule 3.190.
Holding a hearing on a section 776.032 immunity claim is not a oddity in the criminal law. A court performs a similar function when it resolves a claim involving a different type of immunity under rule 3.190(c)(3), a claim that prosecution is barred because the defendant has transactional immunity. See, e.g., State v. Too-good, 349 So.2d 1203 (Fla. 2d DCA 1977) (involving statutory transactional immunity under section 914.04, Florida Statutes (1975)). When a defendant moves to dismiss under rule 3.190(c)(3), he must offer evidence to support his motion. See State v. Montgomery, 310 So.2d 440 (Fla. 3d DCA 1975). Also, courts resolve disputed fact issues when considering motions to suppress under subsections 3.190(h) and (i). The existing rule can thus embrace the procedure established by the first district in Peterson.
Finally, I agree with Peterson ⅛ requirement that a defendant establish entitlement to statutory immunity by the preponderance of the evidence at a motion to dismiss hearing on a section 776.032 immunity claim. The well reasoned explanation of People v. Guenther, 740 P.2d 971, 980 (Colo.1987), for requiring this standard is equally applicable under Florida law.

ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant petitioner’s motion for clarification and amend our opinion only to note *812 that although Govoni’s motion was not sworn to as required by Rule 3.190(c), the trial court obviated the need to provide a sworn motion by acknowledging that the motion would be denied in any event because the State’s traverse placed essential material facts in dispute.
GROSS, C.J., HAZOURI and DAMOORGIAN, JJ., concur.