MORRIS, Judge.
 

 Harold McDaniel appeals his conviction entered after a jury trial for aggravated battery with a deadly weapon. We reverse McDaniel’s conviction and remand for further proceedings consistent with this opinion.
 

 Prior to trial, McDaniel filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b). He claimed in his motion that he is immune from criminal prosecution pursuant to section 776.032(1), Florida Statutes (2007), because he has a valid defense of justifiable use of force under section 776.013, commonly known as the
 
 castle doctrine,
 
 and section 776.031, the defense of others statute. McDaniel further alleged that although the victim had been a houseguest at McDaniel’s mother’s house, where McDaniel was also living, the victim had not stayed at the house for several days prior to the incident at issue. On the day of the incident, McDaniel alleged, he and the victim got into a physical altercation during which the victim beat and attempted to strangle McDaniel. McDaniel escaped and returned home. According to McDaniel, the victim arrived at McDaniel’s house later that night and asked to enter to retrieve some clothing he had left there. McDaniel’s mother attempted to prevent the victim’s entry, but the victim forced his way into McDaniel’s home. McDaniel then struck the victim twice with a machete, causing lacerations to his scalp and left forearm.
 

 The State filed a traverse to McDaniel’s motion to dismiss, alleging that the victim had lived at McDaniel’s house prior to the incident and that the record was unclear as to whether the victim was still living there. The State claimed that the evidence does not establish that McDaniel had a right in the residence exceeding that of the victim. The State also alleged that the evidence does not conclusively establish that the victim unlawfully entered the house because there was some evidence that McDaniel’s mother opened the door for the victim and that McDaniel invited the victim into the home to retrieve his clothes. The State further argued in its traverse that there was no evidence that the victim intended to commit a forcible felony such that McDaniel’s use of deadly force was necessary in the defense of others.
 

 McDaniel filed a response to the State’s traverse, alleging that his motion to dismiss “is not based on the Rule 3.190(c)(4) grounds that there are no material disputed facts, [but] rather on the grounds that [McDaniel] is immune from prosecution pursuant to [section] 776.032.”
 

 The trial court held an evidentiary hearing on March 10, 2008. After the evidence was presented, the State argued — still proceeding on the theory that the motion was
 
 *656
 
 one for dismissal pursuant to rule 3.190(c)(4) — that “there is enough disputed evidence ... where it is appropriate for jury consideration.” The defense argued' — continuing to advance its position that the motion was not one for dismissal pursuant to rule 3.190(c)(4) but one for immunity pursuant to section 776.032— that McDaniel was immune from prosecution because the evidence showed that the victim was attempting to commit a forcible felony against McDaniel’s mother and that McDaniel was acting in defense of his mother and his home. The trial court denied the motion without explanation or any indication as to whether the trial court treated the motion as one for dismissal pursuant to rule 3.190(c)(4) — as the State was treating it — and denied it on the basis that there were disputed issues of material fact or whether the trial court treated the motion as one for dismissal based on section 776.032 immunity — as the defense was treating it — and denied it on the basis that McDaniel had not established his entitlement to immunity pursuant to section 776.032.
 

 McDaniel proceeded to jury trial, at which he asserted the defense of justifiable use of deadly force in defense of his mother and to prevent the victim’s forcible entry into his home. McDaniel was found guilty and sentenced to ten years in prison followed by five years’ probation.
 

 On appeal, McDaniel argues that the trial court erred in denying his motion to dismiss because he presented evidence establishing immunity under section 776.032. He also argues that it is not clear if the trial court applied the proper standard for a motion to dismiss based on immunity from prosecution under section 776.032. He claims that even though he argued in his response to the State’s traverse that the standard of rule 3.190(c)(4) should not be applied, the State proceeded on the theory that the motion to dismiss should not be granted because there are material disputed facts.
 

 Section 776.032(1) provides that “[a] person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force.” “[W]hen immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes.”
 
 Peterson v. State,
 
 983 So.2d 27, 29 (Fla. 1st DCA 2008). “The court may not deny a motion simply because factual disputes exist.”
 
 Id.
 
 “[T]he trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.”
 
 Id.; see also Gray v. State,
 
 13 So.3d 114, 115 (Fla. 5th DCA 2009) (on motion for certification) (agreeing with
 
 Peterson). But see Velasquez v. State,
 
 9 So.3d 22, 24 (Fla. 4th DCA 2009) (holding that a motion to dismiss based on section 776.032 immunity is governed by rule 3.190(c)(4) and should be denied if factual disputes exist; certifying conflict with
 
 Peterson).
 
 This court has agreed with
 
 Peterson
 
 and held that the rule 3.190(c)(4) standard, which provides for a dismissal when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant,” is not appropriate for a motion or petition to determine immunity under section 776.032.
 
 Horn v. State,
 
 17 So.3d 836 (Fla. 2d DCA 2009) (agreeing with
 
 Peterson).
 
 When a defendant’s motion to dismiss on the basis of immunity is denied, the defendant may still assert the issue to the jury as an affirmative defense.
 
 Peterson,
 
 983 So.2d at 29.
 

 Because the trial court gave no reason for denying McDaniel’s motion to dismiss either in its oral ruling or in a written
 
 *657
 
 order, it is not clear from the record whether the trial court applied the preponderance of the evidence standard or whether the trial court denied McDaniel’s motion to dismiss because factual disputes exist. Even though McDaniel argued the basis that was later held to be the law in this district, the trial court did not have the benefit of
 
 Peterson
 
 or
 
 Horn
 
 at the time of the hearing. Therefore, we reverse McDaniel’s conviction and remand for a new hearing on McDaniel’s motion to dismiss at which the trial court shall apply the appropriate standard. If the trial court concludes after a new hearing that McDaniel is entitled to immunity under section 776.032, it shall enter an order to that effect and dismiss the information with prejudice. If the trial court concludes that McDaniel is not entitled to immunity, the trial court shall enter an order to that effect and reinstate McDaniel’s conviction. As this court did in
 
 Horn,
 
 we certify conflict with
 
 Velasquez.
 

 The remaining issues raised by McDaniel on appeal are without merit, with the exception of his argument that the trial court improperly admitted hearsay evidence at the hearing on his motion to dismiss. While the rules of evidence are inapplicable or relaxed in certain proceedings, we have been unable to find— and the parties have not cited — any authority holding that hearsay evidence is admissible at a pretrial evidentiary hearing on a motion to dismiss based on immunity.
 
 Cf.
 
 Charles W. Ehrhardt,
 
 Ehrhardt’s Florida Evidence
 
 § 103.1, at 5-7 (2009) (listing certain proceedings in which strict evidentiary rules are inapplicable). We note, however, that many of the objeeted-to statements
 
 [1]
 
 were admissible for the limited purpose of impeaching a witness’s testimony with prior inconsistent statements.
 
 See
 
 § 90.614, Fla. Stat. (2007);
 
 Varas v. State,
 
 815 So.2d 637, 640 (Fla. 3d DCA 2001) (“It is well-settled [sic] that a witness may be impeached by a prior inconsistent statement, including an omission in a previous out-of-court statement about which the witness testifies at trial, if it is of a material, significant fact rather than mere details and would naturally have been mentioned.”). Otherwise, given that the burden of proof is on the defendant to establish his entitlement to immunity, hearsay is not admissible to prove a material fact for the court’s consideration, unlike at a motion to suppress hearing where the admissibility of certain evidence
 
 *658
 
 sought to be introduced at trial is in issue.
 
 Cf. Lara v. State,
 
 464 So.2d 1173, 1177 (Fla.1985) (holding that hearsay evidence is admissible to establish consent to search at a hearing on a motion to suppress physical evidence based on the rationale that an affidavit for a search warrant may be based on hearsay).
 

 Reversed and remanded; conflict certified.
 

 WHATLEY and KELLY, JJ., Concur.
 

 [1]
 

 . The defense presented the testimony of McDaniel’s mother. She testified that after her son returned home on the night of the offense, she heard the victim banging on the door to her house. She opened the door about one or two feet, and the victim yelled that “he was gonna kill all of [them] and burn the house down." On cross-examination, McDaniel's mother stated that she did tell the investigating detective that the victim threatened to bum the house down and that the victim threatened to kill her. She also testified that her son did not unlock the door, but she could not recall whether she told the investigating detective that her son unlocked the door.
 

 The State presented the testimony of the investigating detective, Robert Gizzi, who testified that he interviewed McDaniel's mother after the incident. The prosecutor asked Detective Gizzi what she told him happened on the night of the incident, and defense counsel objected on the basis of hearsay. The prosecutor responded: "It does call for hearsay, Your Honor. I believe hearsay’s admissible on a motion to dismiss." The court overruled the objection and allowed the hearsay testimony, stating that hearsay was admissible in this type of hearing. Detective Gizzi was permitted to testify that McDaniel’s mother told him that her son unlocked the door for the victim and that she opened the door. He also testified that she never told him that the victim threatened to kill her or burn the house down. He also stated, over a hearsay objection, that the victim told him that McDaniel hit the victim with the machete two times.