COHEN, J.
 

 John Charles Gray, Jr., appeals the denial of his dispositive motion to dismiss predicated on section 776.032, Florida Statutes (2007). We affirm.
 

 Gray was charged with aggravated assault with a firearm after he allegedly pointed his handgun at the driver of another vehicle and threatened to shoot him. Asserting that he was immune from prosecution because he was acting in self defense, Gray moved to dismiss the charge pursuant to section 776.032 and Florida Rule of Criminal Procedure 3.190(c)(4). The trial court denied these motions and Gray filed a petition for writ of certiorari. This court denied the petition, citing to
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008).
 

 Subsequently, Gray moved to certify the issue as one of great public importance to the supreme court. In addressing the motion, this court recognized the conflict between
 
 Peterson
 
 and
 
 Velasquez v. State,
 
 9 So.3d 22 (Fla. 4th DCA 2009).
 
 See Gray v. State,
 
 13 So.3d 114, 115 (Fla. 5th DCA 2009). This court also acknowledged that Gray advocated a different procedure than either
 
 Peterson
 
 or
 
 Velasquez.
 
 Specifically, Gray asserted that the “proper approach is to have the court make the determination at a proceeding much like the one
 
 Peterson
 
 requires, except that the burden at such a proceeding would be on the State to establish that Defendant is not entitled to immunity.”
 
 Id.
 
 This court denied the motion and stated, “[W]e will take it up, if raised, on plenary appeal.”
 
 Id.
 
 Subsequently, Gray pled nolo contendere and reserved his right to appeal the denial of his motion to dismiss.
 

 Gray now appeals the denial of his motion to dismiss and renews the argument he raised in his petition for writ of certio-rari. Consistent with the opinion denying Gray’s motion for certification, we agree that
 
 Peterson,
 
 983 So.2d 27, sets out the proper procedure for addressing a motion to dismiss which raises section 776.032 immunity. This court is not alone in this conclusion.
 
 See McDaniel v. State,
 
 24 So.3d 654 (Fla. 2d DCA 2009);
 
 State v. Yaqubie,
 
 — So.3d - (Fla. 3d DCA 2010). We also point out that the conflict between
 
 Velasquez
 
 and
 
 Peterson
 
 has been accepted for review in
 
 Dennis v. State,
 
 29 So.3d 290 (Fla.2009) (table), and is pending resolution.
 

 AFFIRMED.
 

 GRIFFIN and ORFINGER, JJ., concur.