SCHUMANN, B.B., Associate Judge,
concurring specially.
If I were writing on a clean slate, I would find that the trial court erred in placing the burden of proof at the pretrial hearing on the Defendant.
Section 776.032(1), Florida Statutes (2011), provides that when a person uses force as permitted by statute, he or she is “immune from criminal prosecution and civil action for the use of such force” unless the person is a law enforcement officer acting in the performance of his or her duties. “As used in this subsection, the term ‘criminal prosecution’ includes arresting, detaining in custody, and charging or prosecuting the defendant.”
In Dennis, the issue was whether the trial court should conduct an evidentiary hearing when a defendant claims self-defense immunity, or instead, whether the State could simply file a traverse disputing a material fact, and avoid a pretrial eviden-tiary hearing. The Supreme Court disapproved the Fourth District’s reasoning in Dennis v. State, 17 So.3d 305 (Fla. 4th DCA 2009), which followed the 3.190(c)(4) procedure, and instead approved the approach advanced by the First District in Peterson v. State, 983 So.2d 27 (Fla. 1st DCA 2008).
In Peterson, the First District reviewed the self-defense immunity statute, and addressed the absence of procedures for implementation. For guidance, the Peterson court turned to a decision from Colorado, People v. Guenther, 740 P.2d 971 (Colo.1987). In that case, the court decided that a Colorado statute providing immunity from prosecution for burglary of a dwelling was an extraordinary protection, and so it was reasonable to require the defendant to prove his entitlement to immunity from prosecution. The court noted that a criminal defendant usually bears the bur *342 den of establishing his or her entitlement to dismissal of criminal charges at the pretrial stage, and so it was appropriate to impose the same burden when the defendant claimed self-defense immunity. Relying on Guenther, the Peterson court held that it was the defendant’s burden to demonstrate how immunity attaches by a preponderance of evidence.
There are significant differences between Colorado’s statute and the self-defense immunity provided by section 776.032(1). Section 18-1-704.5(3) of the Colorado statute provides: “Any occupant of a dwelling using physical force, including deadly force, in accordance with the provisions of subsection (2) of this section shall be immune from criminal prosecution for the use of such force.” Colo. Rev. Stat. § 18-1-704.5(3). The Colorado statute applies only to home invasion burglaries and does not define immunity from criminal prosecution as beginning at arrest. It would appear that this is a far more limited immunity than is granted by section 776.032.
In approving the procedural holding of Peterson, the Florida Supreme Court determined that a pretrial evidentiary hearing was necessary to test whether the defendant’s use of force was legally justified and therefore immune from prosecution. The Court observed that a non-adversarial probable cause determination by a judge was already required once a criminal defendant was taken into custody, and so a probable cause standard argued by the State would render the self-defense immunity statute meaningless. “Accordingly, the grant of immunity from ‘criminal prosecution’ in section 776.032 must be interpreted in a manner that provides the defendant with more protection from prosecution for a justified use of force than the probable cause determination previously provided to the defendant by rule.” Dennis, 51 So.3d at 463.
Rejecting a probable cause standard in favor of a preponderance standard still does not answer the question of who bears the burden of production and persuasion. I agree that Dennis approved the procedure in Peterson, which placed the burden on the defendant, and that decision is binding in this case. However, the issue directly addressed in Dennis was whether an evidentiary hearing was required at all, not who bore the burden. The burden of proof issue is squarely raised here.
At least two other states with self-defense immunity laws which duplicated Florida’s statute have determined that the burden of proof should lie with the State in a pretrial evidentiary hearing. Rodgers v. Commonwealth, 285 S.W.3d 740 (Ky.2009); State v. Ultreras, 296 Kan. 828, 295 P.3d 1020 (2013). If this Court were reviewing this issue without the benefit of the Dennis decision, I would find more ¡persuasive these decisions from supreme courts in states other than Colorado, reviewing statutes nearly identical to Florida’s “Stand Your Ground” statute.[1]
In Rodgers, the Kentucky Supreme Court determined that their legislature had clearly stated its intent to create an immunity from defending against criminal charges by defining “criminal prosecution” to include “charging or prosecuting” a de *343 fendant. 285 S.W.3d at 754; Ky. Rev. Stat. Ann. § 503.085(1).[2] This meant that courts would be called upon to determine whether a defendant was entitled to self-defense immunity. The Kentucky Supreme Court concluded that a defendant should be able to invoke the immunity provision at the earliest stage of the proceeding because it was “designed to relieve a defendant from the burdens of litigation.” Rodgers, 285 S.W.3d at 755. The court held that once a defendant raises the issue of immunity, the State has the burden of proof to establish probable cause to proceed, which requires a determination that the use of force was not justified. Id. The State may satisfy this burden by “directing the court’s attention to the evidence of record including witness statements, investigative letters prepared by law enforcement officers, photographs and other documents of record.” Id.
The Kansas Supreme Court reached the same conclusion in Ultreras when it reviewed a statute that mirrors Florida’s statute. 295 P.3d at 1031; Kan. Stat. Ann. § 21-5231.[3] They reasoned that granting immunity imposes a burden on law enforcement before arrest and on the prosecution before filing charges that indicates a legislative ■ intent to put the burden of proof on the State. By placing that burden on the defense, as a practical matter, a defendant could never obtain the benefit of immunity from arrest or initiation of charges.
Further, requiring the State to maintain the burden of production is consistent with the burden of production that applies when the issue of justified force is raised as a defense at trial.... Evidence of justification simply becomes a consideration in deciding whether the State has met that burden. To impose *344 the burden on the defendant would carve one portion of the proceeding from the general requirement that the State carry the burden of production and that carving would result in a confusing situation of shifting burdens and is not justified by the provisions of the statute. Accordingly, we find that placing the burden with the State to negate a claim of immunity in establishing probable cause is the most reasonable interpretation.
Ultreras, 295 P.3d at 1031.
Placing the burden of proof on the State at the pretrial hearing on a motion to dismiss based on self-defense immunity gives meaning to the grant of immunity at the earliest stages of criminal proceedings, defined to include arrest, detention, filing of charges, and prosecution. This interpretation recognizes the distinction between an assertion of a broad grant of immunity from criminal prosecution and more prosaic pretrial pleadings. It avoids a confusing shift of the burden of proof from the defense in a pretrial hearing to the State at trial. If the State is unable to sustain its lesser burden of proof at a pretrial hearing, then it would be unable to prove its case beyond a reasonable doubt at trial.
In a close case, who bears the burden of proof by a preponderance standard may be dispositive. The victim here drove recklessly, nearly side-swiping the Brethericks’ vehicle. Then the victim slammed on the brakes and came to a complete stop directly in front of the Brethericks in the middle of a busy six-lane divided highway. The victim got out of his vehicle and walked back toward the Brethericks’ truck, then returned to his vehicle, folded the side mirrors in, and at one point, rolled back towards the Brethericks. The Defendant had a subjective fear of imminent death or great bodily harm to himself or his family. It may be that had the burden of proof been placed on the State instead of Breth-erick, the result in this case may have been different.
Kentucky and Kansas, states with statutes that were modeled directly on our “Stand Your Ground” law, have found that the burden of proof properly rests with the State at the pretrial stage to demonstrate that the use of force in self-defense was unjustified. This construction creates a better procedural vehicle to test the State’s case at the earliest possible stage of a criminal proceeding. Self-defense immunity statutes are designed to relieve a defendant from the burdens of criminal prosecution from arrest through trial. Placing the burden of proof on the State throughout each phase of criminal prosecution best fulfills the legislative intent to create a broad grant of immunity. Although I agree that we are bound by Dennis, in light of the reasoning and result reached in Rodgers and Ultreras, I fully concur in certifying the question to the Florida Supreme Court for resolution.

. The issues raised in these decisions were not fully formed when the opinion issued in Gray v. State, 42 So.3d 341 (Fla. 5th DCA 2010). In that case, on direct appeal after conviction, the defendant renewed the issue raised previously on a petition for writ of certiorari in Gray v. State, 13 So.3d 114 (Fla. 5th DCA 2009). This Court held that the proper procedure was addressed in Peterson, which was ultimately affirmed by the Florida Supreme Court in Dennis, and which we follow here.

. Section 776.032(1), Florida Statutes, provides:
A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer, as defined in s. 943.10(14), who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, the term "criminal prosecution” includes arresting, detaining in custody, and charging or prosecuting the defendant. Kentucky’s statute section 503.085(1) states: A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace officer, as defined in KRS 446.010, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law, or the person using force knew or reasonably should have known that the person was a peace officer. As used in this subsection, the term "criminal prosecution” includes arresting, detaining in custody, and charging or prosecuting the defendant.

. The Kansas statute, previously section 21-3219 and currently section 21-5231 provides:
A person who uses force which, subject to the provisions of K.S.A. 21-5226, and amendments thereto, is justified pursuant to K.S.A. 21-5222, 21-5223 or 21-5225, and amendments thereto, is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer who was acting in the performance of such officer’s official duties and the officer identified the officer's self in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, “criminal prosecution” includes arrest, detention in custody and charging or prosecution of the defendant.