IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VICTORIA A. REID,

       Petitioner,

 v.                                     Case No.  5D17-241

STATE OF FLORIDA,

       Respondent.

_____/

Opinion filed March 23, 2017

Petition for Writ of Prohibition,
Jeffrey Mahl, Judge.

Gregory W. Eisenmenger, of Eisenmenger,
Blaue & Peters P.A., Viera, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

     Victoria A. Reid ("Petitioner") petitions for issuance of a writ of prohibition to prevent her from being tried for aggravated battery with a firearm while inflicting great bodily harm.  This case arose after Petitioner shot her husband, James Wesley Reid ("Reid"), in the leg during a domestic dispute.  Petitioner argues that she is immune from prosecution pursuant to section 776.032, Florida Statutes (2016), commonly referred to

as "Stand Your Ground." This section provides in pertinent part that "[a] person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in such conduct and is immune from criminal prosecution." § 776.032(1), Fla. Stat. (2016). Section 776.012, Florida Statutes (2016), further provides that "[a] person is justified in using or threatening to use force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself against the other's imminent use of unlawful force." § 776.012(1), Fla. Stat. (2016). There is no duty to retreat under these circumstances. § 776.012(1), Fla. Stat. (2016). Petitioner contends that she was in reasonable fear that Reid was reaching for a firearm when she shot him.

An evidentiary hearing was held regarding Petitioner's Stand Your Ground immunity. The State called as its only witnesses Reid and the 911 operator who took the emergency call placed by Petitioner at the time of the shooting. In addition, the State introduced the tape of the 911 call. Petitioner was the only other witness who testified during the hearing. The evidence and testimony reveal the following facts. At the time of the shooting, Petitioner and Reid had been married for over fourteen years. For the first eight years of their marriage, Reid suffered from alcohol abuse issues. During this time, he engaged in multiple acts of physical violence against Petitioner. On several occasions, Reid held a firearm to Petitioner's head. Reid became sober for five years but began to drink again shortly before the shooting occurred. Petitioner testified that Reid's resumption of drinking frightened her.

Petitioner and Reid kept firearms in every room of their home, including one under the cushion of the love-seat in the living room and one in a wooden case on the coffee

2

table. On the evening in question, Petitioner and Reid entered into a discussion about their marriage that escalated into a heated argument. Reid reached in the direction of the love-seat cushion. Petitioner testified that he verbally threatened to shoot her and that she believed he was reaching for the gun to kill her.

Petitioner grabbed the firearm on the coffee table, which discharged and struck Reid in the leg. She testified that the firearm went off accidentally. Reid also testified that he believed the gun discharged accidentally because it had no safety. Petitioner immediately called 911. The transcript of the call reveals that Petitioner told the 911 operator, "My husband, he is injured. He threatened to shoot me and I shot him."

Reid initially filed a petition with the trial court to prevent contact with Petitioner. However, he later testified that he believed Petitioner thought he was moving towards the firearm, although he was reaching for their dog. Reid stated that the shooting occurred solely because Petitioner feared he was about to harm her. For example, the record reveals that he was specifically asked, "Do you have any reason to believe that this incident occurred in any way other than a result of your wife's fear that you were about to do bodily harm by threatening her?" Reid answered, "No." He further testified that any statements he had made to the contrary were the result of the heavy pain medication he had been given following the shooting. Any statements Reid had previously made about the incident were not admitted into evidence at the hearing.

Despite the parties' testimony, the trial court entered an order denying Stand Your Ground immunity to Petitioner. In the order, the trial court found that both Petitioner and Reid agreed in their testimony that Petitioner "believed [Reid] was reaching for a gun that was located near the parties" at the time Reid was shot. Nevertheless, the trial court

concluded that the greater weight of the evidence presented at the hearing indicated that Petitioner shot Reid because of the argument rather than out of fear that he was reaching for a firearm.

We conclude that the trial court erred in denying Stand Your Ground immunity to Petitioner because no factual disputes were raised in this case. See Peterson v. State, 983 So. 2d 27, 29 (Fla. 1st DCA 2008) ("[W]hen immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes."). Both parties testified that Petitioner was afraid that Reid was reaching for a firearm when she shot him. They also testified that Reid had committed acts of domestic violence against Petitioner while he was under the influence of alcohol and that he had resumed drinking shortly before the shooting. The statements made by Petitioner during the 911 call were consistent with the testimony presented at the hearing and indicated that she believed Reid was about to shoot her.

Accordingly, because the evidence presented to the trial court at the Stand Your Ground hearing established that Petitioner reasonably believed that her conduct was necessary to defend herself against Reid's imminent use of unlawful force and because there were no factual disputes regarding that issue, we grant the petition for writ of prohibition.

PETITION GRANTED.

SAWAYA, COHEN, and WALLIS, JJ., concur.

4