NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY DOMINIC CATALANO,      )
                               )
          Appellant,           )
                               )
v.                             )      Case No. 2D16-3307
                               )
STATE OF FLORIDA,              )
                               )
          Appellee.            )
_____)

Opinion filed July 18, 2018.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Rachael E. Reese of O'Brien Hatfield, P.A.,
Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.


          Prior to trial, Anthony Dominic Catalano filed a motion to dismiss the

information charging him with manslaughter with a weapon based on section 776.032,

Florida Statutes (2014), Florida's "Stand Your Ground" law. After an evidentiary

hearing, the trial court denied the motion after applying the statutory burden of proof in

effect at that time. However, this court recently held that the 2017 amendment to the "Stand Your Ground" law applies retroactively to cases that were pending when the amendment was enacted. See Martin v. State, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018). Therefore, for the reasons explained in Martin, we reverse Catalano's conviction and remand for the trial court to conduct a new "Stand Your Ground" hearing in this case. As in Martin, if the trial court concludes after the new hearing that Catalano is entitled to Stand Your Ground immunity, "it shall enter an order to that effect and dismiss the information with prejudice." Id. at D1018 (citing McDaniel v. State, 24 So. 3d 654, 657 (Fla. 2d DCA 2009)). If, on the other hand, the trial court determines after the hearing that Catalano is not entitled to immunity, it shall enter an order containing its findings and reinstate Catalano's conviction.[1]

Finally, we note that the Third District recently reached the opposite conclusion concerning the retroactivity of section 776.032, and it certified conflict with our decision in Martin. See Love v. State, 43 Fla. L. Weekly D1065, D1065 n.3 (Fla. 3d DCA May 11, 2018). Therefore, we certify conflict with Love.

Reversed and remanded with directions; conflict certified.

MORRIS and ATKINSON, JJ., Concur.

---

[1]Catalano raised four additional claims in this appeal. As to his claim that the trial court abused its discretion by restricting his questioning of a defense witness, we agree that the court abused its discretion but we find the error harmless in light of the record as a whole. Catalano's remaining claims on appeal are without merit, and we decline to address them further.