# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3005
_____

LUIS AVILES-MANFREDY,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

January 7, 2019


PER CURIAM.

In accordance with the jury's verdict, Appellant was convicted of, and sentenced on, one count of shooting or throwing deadly missiles (a second-degree felony) and one count of discharging a firearm from a vehicle, both counts arising from an instance of "road rage" that occurred on May 6, 2016. His motion to dismiss based on the "Stand Your Ground" immunity found in section 776.032, Florida Statutes (2015), was earlier denied by the trial court after a hearing. In his sole point on appeal, Appellant argues that the 2017 amendment to the "Stand Your Ground" law, which shifts the burden of proof from the defendant to the prosecution, should be applied to his case, entitling him to a new pre-trial immunity hearing. *See Martin v. State*, 43 Fla. Law Weekly D1016 (Fla. 2d DCA May 4, 2018); *see also Fuller v. State*, 43 Fla. L.

Weekly D2237 (Fla. 5th DCA Sept. 28, 2018); *Catalano v. State*, 43 Fla. L. Weekly D1622 (Fla. 2d DCA July 18, 2018).

We have recently approved the retroactive application of chapter 2017-72, §§ 1-2, Laws of Florida. *See Mayers v. State*, Case No. 1D18-2926, 2018 WL 6598716 (Fla. 1st DCA Dec. 17, 2018) (citing *Commander v. State*, 246 So. 3d 1303 (Fla. 1st DCA 2018) (citing *Martin* with approval)); *see also Boston v. State*, 43 Fla. L. Weekly D2670 (Fla. 1st DCA Nov. 30, 2018); *Edwards v. State*, 43 Fla. L. Weekly D2345, D2345 n.1 (Fla. 1st DCA Oct. 16, 2018) (reading *Commander* to mean that "in this district we have applied the amendment retroactively"). Consequently, in accordance with *Martin* and *Catalano*—both involving direct criminal appeals following the imposition of a judgment and sentence—we reverse Appellant's conviction and remand for the trial court to conduct a new "Stand Your Ground" immunity hearing at which the State would bear the burden of proof, with the statutorily imposed quantum of proof being clear and convincing evidence. § 776.032(4), Fla. Stat. (2017). As in *Martin*, if, after the hearing, the trial court concludes that Appellant is entitled to immunity, "it shall enter an order to that effect and dismiss the information with prejudice." 43 Fla. L. Weekly at D1018 (citing *McDaniel v. State*, 24 So. 3d 654, 657 (Fla. 2d DCA 2009)). If, on the other hand, the trial court determines that Appellant is not entitled to immunity from prosecution, it shall enter an order containing its findings and reinstate Appellant's convictions. *Id.*

Finally, as we did in *Mayers*, 2018 WL 6598716 at * 2, we certify conflict with *Love v. State*, 247 So. 3d 609 (Fla. 3d DCA), *rev. granted* Case No. SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018), and *Hight v. State*, 43 Fla. L. Weekly D1800 (Fla. 4th DCA Aug. 8, 2018), both of which hold the 2017 amendment operates prospectively only.

REVERSED and REMANDED with instructions; CONFLICT CERTIFIED.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Greg Caracci, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Christopher J. Baum, Deputy Solicitor General; Amit Agarwal, Solicitor General; Edward M. Wenger, Chief Deputy Solicitor General, Tallahassee, for Appellee.