NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JULIAN RIVERA,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D17-496
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed April 12, 2019.

Appeal from the Circuit Court for Lee
County; Thomas S. Reese and Joseph
C. Fuller, Judges.

Christopher H. Brown of Brown, Suarez,
Rios & Weinberg, P.A., Fort Myers,
for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Suzanne Bechard
and Katie Salemi Ashby, Assistant
Attorneys General, Tampa, for
Appellee.


ATKINSON, Judge.

          Julian Rivera challenges his judgment and sentence for aggravated

battery with a deadly weapon.  See § 784.045(1)(a), Fla. Stat. (2015).  Prior to trial,

Rivera filed a motion to dismiss the charge based on immunity from prosecution

pursuant to Florida's "Stand Your Ground" law.  See § 776.032, Fla. Stat. (2016).  After conducting an evidentiary hearing, the trial court denied the motion using the burden of proof in effect at the time:  that the defendant must demonstrate by a preponderance of the evidence that he or she is immune from prosecution.  See Bretherick v. State, 170 So. 3d 766, 779 (Fla. 2015).  While this appeal was pending, the legislature amended section 776.032, placing the burden on the State to overcome a facially sufficient claim of self-defense immunity by clear and convincing evidence.  See § 776.032(4), Fla. Stat. (2017).

Rivera correctly argues that he is entitled to a new immunity hearing under the amended statute in light of our holding in Martin v. State, 43 Fla. L. Weekly D1016, D1018 (Fla. 2d DCA May 4, 2018) (holding that the 2017 amendment is procedural in nature and thus should be applied retroactively), review pending, No. SC18-789.  The State contends that, even if the amended statute applies retroactively, a harmless error analysis demonstrates that no relief is warranted, noting that the evidence it presented at trial did not materially differ from the evidence it presented at the hearing.  The jury rejected Rivera's self-defense claim, finding beyond a reasonable doubt that he was guilty of the charged crime.  As such, the State contends that there is no reasonable possibility that the trial court's failure to apply the new burden of proof contributed to his conviction.  See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) (explaining that the harmless error test requires the State "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction").

However, this court's <u>Martin</u> opinion precludes reliance on the prior jury's determination.  <u>See</u> <u>Martin</u>, 43 Fla. L. Weekly at D1018 ("We are confident that the circuit judge who presides over Mr. Martin's immunity hearing on remand will not rely upon the prior jury's determination that we are vacating but will convene a new evidentiary hearing in an appropriate fashion, consistent with this court's opinion and the statute's amended burden of proof.").  That opinion effectively forecloses consideration of the harmless error analysis under the circumstances of this case.  <u>See</u> <u>id.</u> (acknowledging that "since Mr. Martin asserted a justifiable use of force affirmative defense in his trial, the jury's verdict would seem to have addressed many, if not all, of the issues underlying Mr. Martin's immunity claim" but concluding that he was "entitled to an immunity hearing . . . where the State bears the burden of proof—before a jury could have been empaneled to decide whether Mr. Martin was justified in his use of force").

Therefore, we must reverse Rivera's judgment and sentence and remand for a new immunity hearing under the amended statute.  In the event the trial court concludes that Rivera is not entitled to immunity after conducting a new hearing, the trial court shall enter an order with its findings and reinstate Rivera's conviction.  <u>See</u> <u>id.</u> (citing <u>McDaniel v. State</u>, 24 So. 3d 654, 657 (Fla. 2d DCA 2009)).

We are aware that the Third and Fourth Districts certified conflict with our decision in <u>Martin</u> as it reached the opposite holding regarding the retroactivity of the amended statute.  <u>See</u> <u>Love v. State</u>, 247 So. 3d 609, 611 n.3 (Fla. 3d DCA 2018) (holding that the 2017 amendment is substantive in nature and thus could not be applied retroactively), <u>review granted</u>, No. SC18-747, 2018 WL 3147946 (Fla. June 26,

2018); <u>Hight v. State</u>, 253 So. 3d 1137, 1143 (Fla. 4th DCA 2018) (same), <u>review pending</u>, No. SC18-1653.  As such, we certify conflict with <u>Love</u> and <u>Hight</u>.

Reversed and remanded with instructions; conflict certified.

NORTHCUTT and VILLANTI, JJ., Concur.