NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| DELOREAN FEASTER,<br>DOC# R42394,<br><br>        Appellant,<br><br>v.<br><br>STATE OF FLORIDA,<br><br>        Appellee. | )<br>)<br>)<br>)<br>)<br>)   Case No. 2D17-3612<br>)<br>)<br>)<br>)<br>)<br>) |

Opinion filed April 26, 2019.

Appeal from the Circuit Court for Pinellas
County; Pat Siracusa, Judge.

Howard L. Dimmig, II, Public Defender,
and Rocco J. Carbone, III,
Special Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa; and
Cynthia Richards, Assistant Attorney
General, Tampa (substituted as counsel
of record), for Appellee.


PER CURIAM.

Delorean Feaster challenges his judgment and sentence for aggravated

battery. See § 784.045(1)(a), Fla. Stat. (2015). Mr. Feaster was convicted following a

jury trial and sentenced to sixty-two months in prison. Prior to trial, Mr. Feaster filed a motion to dismiss the information charging him with aggravated battery based on section 776.032, Florida Statutes (2015), Florida's "Stand Your Ground" law. After an evidentiary hearing, the trial court denied the motion after applying the statutory burden of proof in effect at that time. On appeal, Mr. Feaster argues that the 2017 amendment to section 776.032, creating subsection (4), see ch. 2017-72, § 1, at 898-99, Laws of Fla., should apply retroactively to his case and that his motion to dismiss based on immunity from prosecution should be reconsidered under the statute as amended. In Martin v. State, 43 Fla. L. Weekly D1016, D1017-18 (Fla. 2d DCA May 4, 2018), this court concluded that the 2017 amendment to section 776.032 is procedural in nature and thus should be applied retroactively to pending cases. Our holding in Martin necessarily controls our decision here. See also Drossos v. State, 43 Fla. L. Weekly D2764 (Fla. 2d DCA Dec. 14, 2018), review pending, No. SC19-83. Therefore, for the reasons explained in Martin, we reverse Mr. Feaster's conviction and remand for the trial court to conduct a new "Stand Your Ground" hearing under the 2017 statute. As in Martin, if the trial court concludes after the new hearing that Mr. Feaster is entitled to "Stand Your Ground" immunity, "it shall enter an order to that effect and dismiss the information with prejudice." Id. at D1018 (citing McDaniel v. State, 24 So. 3d 654, 657 (Fla. 2d DCA 2009)). If, on the other hand, the trial court determines after the hearing that Mr. Feaster is not entitled to immunity, it shall enter an order containing its findings and reinstate Mr. Feaster's conviction.

The Third and Fourth District Courts of Appeal have held that section 776.032, as amended, does not apply retroactively in pending cases, and we therefore

certify conflict with <u>Hight v. State</u>, 253 So. 3d 1137 (Fla. 4th DCA 2018), <u>review pending</u>, No. SC18-1653, and <u>Love v. State</u>, 247 So. 3d 609 (Fla. 3d DCA 2018), <u>review granted</u>, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

Reversed and remanded with instructions; conflict certified.


VILLANTI, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.