790 So.2d 477 (2001)
James KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1518.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
Opinion Granting Rehearing July 27, 2001.
*478 James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Neal T. McShane of Law Offices of Neal T. McShane, P.A., Orlando, for Appellant, on rehearing.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, *479 Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
The issue in this case is whether the statewide prosecutor has jurisdiction to prosecute local offenses which are a part of an illegal business operation which spans more than one judicial circuit. In answering this question we must consider the Florida Constitution, the applicable statute, and the policies behind them.
The Florida Constitution gives the statewide prosecutor the authority to "prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or where any such offense is affecting or has affected two or more judicial circuits as provided by general law." Fla. Const. art. IV, sec. 4(c). The general law established by section 16.56, Florida Statutes, confers jurisdiction (insofar as this case is concerned) "when any such offense is occurring, or has occurred, in two or more judicial circuits as a part of a related transaction." What does this mean?
Does it mean that the charged offense must actually have occurred in two or more judicial circuits and be part of a related transaction, or does it mean that an offense which is local in nature is to be considered as having roots in more than one judicial circuit if it is related to a criminal activity which involves or involved multiple judicial circuits? The policy behind both provisions seems to be to authorize the statewide prosecutor to pursue criminal enterprises that operate across judicial borders and to prosecute those related offenses, even otherwise local offenses, in any county in which the criminal enterprise operates or has operated.
In this case, it was shown that King had for some time before the events alleged in this information operated a motorcycle chop shop in Orange County (Ninth Circuit) which depended in part on stolen motorcycles from Volusia County (Seventh Circuit). Clearly, the Office of Statewide Prosecution was given the authority under section 16.56 to investigate the operation of the chop shop which had tentacles reaching across judicial circuit lines. In its investigation, the statewide prosecutor determined that a part of the operation of the chop shop was to also commit local burglaries as an additional source of income. As a part of its obligation to stamp out those criminal activities having multi-district implications, did not the Office of Statewide Prosecution have the jurisdiction to also prosecute those related local offenses which fed and made possible the continuing multi-district criminal enterprise for which the Office was created?
Section 16.56 specifically authorizes the statewide prosecutor to prosecute, among other offenses, burglary. Nothing is more "local" than a burglary unless the property burgled happens to sit on both sides of a county line. Therefore, it must be assumed that the legislature intended to give the statewide prosecutor, if he or she determined that a series of burglaries occurring in separate circuits were related, the jurisdiction to prosecute them, or some of them, together in any circuit in which a related burglary occurred or individually in the county in which any particular burglary occurred. It might be, for example, that the statewide prosecutor might elect to try the related burglaries separately in different counties for the convenience of the witnesses or other such reason.
The policy behind the creation of the Office of Statewide Prosecution demands that we broadly construe the prosecutorial authority of the statewide prosecutor. Here, it was alleged generally in the *480 information that although the charged offenses were themselves committed in Orange County, that they "occurred in two or more judicial circuits ... as part of a related transaction." Proof was submitted to the trial judge which convinced him of the truth of this allegation. We believe that the constitutional provision, further developed in the statute, contemplates that even a local offense committed as a part of a multi-district criminal activity, because of this relation, "legally occurred" in two or more judicial districts.
AFFIRMED.
GRIFFIN J., concurs.
SAWAYA, J., concurs specially without opinion.

ON MOTION FOR REHEARING
HARRIS, J.
We grant rehearing for the purpose of certifying the following question to the supreme court, either because it is of exceptional importance or because of its possible conflict with Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001):
DOES THE OFFICE OF THE STATEWIDE PROSECUTOR HAVE JURISDICTION TO PROSECUTE A BURGLARY IN THE COUNTY IN WHICH IT WAS COMMITTED IF IT IS ALLEGED THAT THE BURGLARY WAS A PART OF A BUSINESS ENTERPRISE ENGAGED IN MULTI-CIRCUIT CRIMES?
GRIFFIN and SAWAYA, JJ., concur.