PER CURIAM.
 

 James Patrick Wonder, the defendant in a criminal prosecution pending in Broward County Circuit Court, seeks certiorari review of an order denying his request for an evidentiary hearing on the issue of immunity from prosecution pursuant to section 776.032, Florida Statutes (2009) (the “Stand Your Ground” law, enacted by chapter 2005-27, section 5, at 202, Laws of Florida).
 

 We deny the petition, because the trial court did not depart from the essential requirements of law by following
 
 Velasquez v. State,
 
 9 So.3d 22 (Fla. 4th DCA 2009).
 

 We certify conflict with
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008);
 
 Horn v. State,
 
 17 So.3d 836 (Fla. 2d DCA 2009);
 
 State v. Yaqubie,
 
 51 So.3d 474 (Fla. 3d DCA 2010); and
 
 Gray v. State,
 
 13 So.3d 114, 115 (Fla. 5th DCA 2009). We also certify, as a question of great public importance, the following:
 

 
 *697
 
 WHETHER SECTION 776.032, FLORIDA STATUTES (2009) (THE “STAND YOUR GROUND” LAW), REQUIRES A TRIAL COURT, UPON MOTION TO DISMISS, TO HOLD AN EVIDEN-TIARY HEARING PRIOR TO TRIAL AND RESOLVE DISPUTED FACTUAL ISSUES TO DETERMINE WHETHER A DEFENDANT HAS ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE HIS/ HER ENTITLEMENT TO STATUTORY IMMUNITY FROM PROSECUTION.
 

 We grant Defendant’s motion for stay and direct the trial court on remand to stay his prosecution pending the resolution of this issue by the Florida Supreme Court in
 
 Dennis v. State,
 
 29 So.3d 290.
 
 [1]
 

 TAYLOR, GERBER and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 Dennis
 
 arose from this court’s opinion in
 
 Dennis v. State,
 
 17 So.3d 305 (Fla. 4th DCA),
 
 rev. granted,
 
 29 So.3d 290 (Fla.2009) (holding that "a motion to dismiss based on statutory immunity is properly denied when there are disputed issues of fact.”).