PER CURIAM.
 

 Seven weeks prior to his scheduled trial date on charges of second-degree murder and attempted second-degree murder, Rashad Stewart Martinez filed a motion asserting an entitlement to immunity under the “Stand Your Ground” law, sections 776.013 through 776.032, Florida Statutes. Martinez sought a pretrial evidentiary hearing and ruling on his motion, but concluding that there was not sufficient time to do so, the circuit court declined that request and ordered that the motion be heard during the scheduled trial. By petition for writ of mandamus, Martinez now seeks an order compelling the trial court to conduct a separate evidentiary hearing prior to trial to address and dispose of the immunity motion. We grant the petition.
 

 As we recognized in
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008), the Stand Your Ground law was intended to establish a true immunity and not merely an affirmative defense. We further held in
 
 Peterson
 
 that “a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches.”
 
 Id.
 
 at 29. We then reiterated in
 
 Hair v. State,
 
 17 So.3d 804, 805 (Fla. 1st DCA 2009), that when properly raised, the “statutory immunity claim is resolved by the circuit court after a pretrial evidentiary hearing.” Where, as here, entitlement to the immunity is claimed well in advance of a scheduled trial date, declining to conduct a pretrial hearing and determine the immunity issue prior to trial operates to deprive a defendant of at least some measure of the “true” immunity contemplated by legislature.
 

 For its part, the state agrees that the trial court should rule on petitioner’s immunity claim prior to trial, but it expresses
 
 *1221
 
 misgivings about a rule requiring that Stand Your Ground immunity hearings be held prior to trial in all instances. Those misgivings arise from the state’s concern that because there are no clear time constraints on raising a statutory immunity claim, the potential exists for defendants to abuse the process by withholding their claim of immunity until a point at which some procedural or substantive advantage may be unfairly gained. While the state’s concerns in this regard may be legitimate, they are simply not implicated in this case. The circuit court did not find nor does the record suggest that petitioner deliberately delayed presenting his immunity claim in order to gain an unfair advantage, and his motion was filed sufficiently in advance of his scheduled trial date to permit a pretrial disposition of the matter in an orderly fashion. Under these circumstances, petitioner had a clear legal right to an eviden-tiary hearing and the adjudication of his immunity claim before being brought to trial.
 

 Accordingly, the petition for writ of mandamus is GRANTED, and the trial court is directed to conduct an evidentiary hearing and issue a ruling on petitioner’s pending motion for determination of immunity from prosecution and motion to dismiss prior to proceeding to trial.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.