CANADY, C.J.
 

 We have for review
 
 Wonder v. State,
 
 52 So.3d 696 (Fla. 4th DCA 2010), in which the Fourth District Court of Appeal denied Wonder’s petition for a writ of certiorari. The Fourth District concluded that the trial court did not depart from the essential requirements of law in denying Wonder’s request for an evidentiary hearing on the issue of immunity from prosecution pursuant to section 776.032, Florida Statutes (2009), Florida’s “Stand Your Ground” law. The Fourth District certified conflict with
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008), and also certified the conflict issue as a question of great public importance. The Fourth District granted Wonder’s motion to stay pending this Court’s review of
 
 Dennis v. State,
 
 17 So.3d 305 (Fla. 4th DCA 2009). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We have since resolved the conflict, concluding that where a criminal defendant files a motion to dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity.
 
 See Dennis v. State,
 
 51 So.3d 456 (Fla.2010). In so holding, we approved the reasoning of
 
 Peterson
 
 on the conflict issue.
 

 Following that decision, we issued an order directing the State to show cause why this Court should not exercise jurisdiction in the instant case, summarily quash the decision on review, and remand
 
 *1209
 
 for reconsideration in light of
 
 Dennis.
 
 The State has filed a response conceding that “given the procedural posture of this case ... this cause should be remanded for reconsideration.”
 

 We accordingly grant the petition for review in the present case. The decision under review is quashed, and this matter is remanded to the Fourth District for reconsideration upon application of this Court’s decision in
 
 Dennis.
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.