ON RECONSIDERATION ON MANDATE FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 James Patrick Wonder, the defendant in a criminal prosecution pending in the Bro-ward County Circuit Court, sought certio-rari review of an order denying his request for an evidentiary hearing on the issue of immunity from prosecution pursuant to section 776.032, Florida Statutes (2009) (the “Stand Your Ground” law, enacted by chapter 2005-27, section 5, at 202, Laws of Florida).
 

 We denied the petition, holding that the trial court did not depart from the essential requirements of law by following
 
 Velasquez v. State,
 
 9 So.3d 22 (Fla. 4th DCA 2009), in which we had certified conflict with
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008), and other cases following
 
 Peterson. See Wonder v. State,
 
 52 So.3d 696 (Fla. 4th DCA 2010),
 
 quashed,
 
 64 So.3d 1208 (Fla.2011).
 

 In
 
 Wonder v. State,
 
 64 So.3d at 1209, the Florida Supreme Court quashed our opinion and remanded for reconsideration in light of its decision in
 
 Dennis v. State,
 
 51 So.3d 456 (Fla.2010). In
 
 Dennis,
 
 the supreme court disapproved our reasoning in Dennis,
 
 [1]
 
 approved the reasoning of
 
 Peterson,
 
 and concluded that “where a criminal defendant files a motion to dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity.”
 
 *372
 

 Id.
 
 at 457. The court stated that the procedure set forth in
 
 Peterson
 
 effectuates legislative intent.
 
 Id.
 
 at 463. In
 
 Peterson,
 
 the First District concluded that, if a defendant raises the issue of statutory immunity pretrial, the defendant has the burden of establishing the factual prerequisites of the immunity claim by a preponderance of the evidence, and the trial court must weigh the factual matters pretrial and determine pretrial whether immunity exists. 983 So.2d at 29 (Fla. 1st DCA 2008) (citing
 
 People v. Guenther,
 
 740 P.2d 971 (Colo.1987)).
 

 Accordingly, we now grant the petition, quash the order denying Defendant’s request for an evidentiary hearing on the issue of immunity from prosecution, and remand for further proceedings pursuant to
 
 Dennis v. State,
 
 51 So.3d 456 (Fla.2010).
 

 Petition Granted.
 

 TAYLOR, GERBER and LEVINE, JJ„ concur.
 

 [1]
 

 . 17 So.3d 305 (Fla. 4th DCA 2009) (holding it is proper to deny a motion to dismiss based on statutory immunity when there are disputed issues of material fact) (citing Velasquez).