LAWSON, J.
Chester Lemar Scott appeals his judgment and sentence for conspiracy to traffic in cocaine over 400 grams,[1] raising a single issue relating to the authority of the Office of Statewide Prosecution (“OSP”) to prosecute him for the offense which, he contends, occurred only in Marion County. He argues that the trial court should have granted his oral motion to dismiss, made at trial, when the State failed to present evidence of any action taken in furtherance of the crime charged in the information outside of Marion County and within the date range charged in the information. We affirm based upon King v. State, 790 So.2d 477 (Fla. 5th DCA 2001), and also write to address the proper procedure for challenging the OSP’s authority to prosecute a case.
In King, our court adopted a broad view of the OSP’s prosecutorial authority, holding that the OSP could prosecute purely local crimes so long as those crimes are related to criminal activity in two or more judicial circuits. Id. at 479-80. The defendant was charged with burglaries committed entirely in Orange County. He sought a reversal of his conviction, arguing that article IV, section 4(b) of the Florida Constitution[2] and section 16.56, Florida Statutes,[3] only authorized the OSP to prosecute crimes committed in two or more judicial circuits. We rejected the argument, explaining:
The policy behind the creation of the Office of Statewide Prosecution — demands that we broadly construe the prosecutorial authority of the statewide prosecutor. Here, it was alleged generally in the information that although the charged offenses were themselves committed in Orange County, that they “occurred in two or more judicial circuits ... as part of a related transaction.” Proof was submitted to the trial judge which convinced him of the truth of this *678 allegation. We believe that the constitutional provision, further developed in the statute, contemplates that even a local offense committed as a part of a multi-district criminal activity, because of this relation, “legally occurred” in two or more judicial districts.
Id. (emphasis added).[4]
At trial in this case, the lead investigator testified that the charges against Scott stemmed from a lengthy multi-juris-dictional investigation involving interviews with people who were a part of the drug trafficking organization, controlled drug buys, wiretaps and surveillance. He specifically testified that many of the intercepted calls associated with Scott’s illegal activities originated in Levy County (which is in a different judicial circuit than Marion County). Under King, this testimony was sufficient to demonstrate the OSP’s authority to prosecute the Marion County crime for which Scott was convicted. Id.
We also agree with the State that Scott’s motion to dismiss was untimely under Florida Rule of Criminal Procedure 3.190(c). That rule provides in pertinent part:
Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for motion to dismiss that is not presented by a motion to dismiss within the time here-inabove provided shall be considered waived.

Id.

As indicated in King, a challenge to the OSP’s authority to prosecute a case is a matter for the judge to determine, if challenged, and not an element of the offense that the state must prove to a jury beyond a reasonable doubt. 790 So.2d at 480 (“[pjroof was submitted to the trial judge which convinced him of the truth of [the] allegation [establishing the OSP’s authority to prosecute]”); see also, Fla. R. Crim. P. 3.190(b) (“All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.”) (emphasis added).
Although at least one court has treated the OSP’s authority to prosecute as an element of the offense to which a defendant can direct a motion for judgment of acquittal at trial, see Ross v. State, 664 So.2d 1004 (Fla. 4th DCA 1995) (citing to Justice Adkins’ special concurrence in State v. Ostergard, 360 So.2d 414 (Fla.1978)), we agree with the Third District that it makes more sense to require that the matter be raised by pretrial motion to dismiss. See State v. Tocher, 84 So.3d 1131, 1136 (Fla. 3d DCA 2012). If the issue is not timely raised by motion to dismiss, it should be “considered waived.” Fla. R. Crim. P. 3.190(c).[5]
AFFIRMED.
*679 BERGER, J., concurs.
SAWAYA, J., concurs in part and dissents in part, with opinion.

. § 893.135(5), Fla. Stat. (2008).

. Article IV of the Florida Constitution establishes the OSP as a prosecuting officer of the State of Florida. Article IV, section 4(b), provides in pertinent part:
There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law.

. Section 16.56, Florida Statutes (2011), provides in relevant part:
(1) There is created in the Department of Legal Affairs an Office of Statewide Prosecution ... The office may:
(a) Investigate and prosecute the offenses of:
[[Image here]]
2. Any crime involving narcotic or other dangerous drugs;
[[Image here]]
or any attempt, solicitation, or conspiracy to commit any of the crimes specifically enumerated above. The office shall have such power only when any such offense is occurring, or'has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits. In-formations or indictments charging such offenses shall contain general allegations stating the judicial circuits and counties in which crimes are alleged to have occurred or the judicial circuits and counties in which crimes affecting such circuits or counties are alleged to have been connected with an organized criminal conspiracy.

. On rehearing, the panel certified an issue related to its holding as one of exceptional importance that should be addressed by the supreme court, and also noted a possible conflict with Winter v. State, 781 So.2d 1111 (Fla. 1st DCA 2001), disapproved on other grounds, Carbajal v. State, 75 So.3d 258, 260 (Fla.2011). The supreme court ultimately dismissed review of King as improvidently granted (by unpublished order). King v. State, 820 So.2d 941 (Fla.2002).

. We note that if the facts supporting OSP's authority are disputed, a pretrial evidentiary hearing may be required. Although the Flori *679 da Rules of Criminal Procedure do not expressly provide for evidentiary hearings on motions to dismiss, the supreme court has authorized the procedure. See Dennis v. State, 51 So.3d 456 (Fla.2010) (holding that a defendant claiming immunity pursuant to section 776.032(1), Florida Statutes, must file a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b) and requiring trial court to address the motion at a pretrial evidentiary hearing).