ALTENBERND, Judge.
The State appeals an order dismissing this criminal prosecution against Fidel Eg-ido. We affirm the order on appeal without discussion of the substantive issues raised by the State. We address only the order that should be entered in this context because confusion over the order substantially delayed this appeal.
Mr. Egido was charged with battery on a law enforcement officer for events that occurred at his house when a non-uniformed deputy attempted to locate Mr. Egido’s adult son to serve him with a child support warrant. Mr. Egido filed a motion to dismiss the case, claiming that he was entitled to immunity under various sections of chapter 776, Florida Statutes (2007), including section 776.032(1), which he argued immunized him from criminal prosecution for his justifiable use of force on the officer. After the hearing, the trial court decided that the motion was well taken. The trial court, however, was familiar with this court’s decision in Horn v. State, 17 So.3d 836, 839 (Fla. 2d DCA 2009), in which we suggested in dicta that a motion seeking immunity from prosecution should result initially in an order granting immunity. In Horn, we assumed that a motion to dismiss would be a second step if the State elected to continue the prosecution. Id. In light of Horn, the trial *89 court here ordered that it would only grant immunity, but not dismiss the case.
The problem with an order merely granting immunity is that it does not end the case and is not appealable. In this case, apparently both the trial court and Mr. Egido were intending to force the State to proceed to trial and allow jeopardy to attach.
When the trial court made this ruling, the dicta in Horn had already been overridden by the supreme court’s decision in Dennis v. State, 51 So.3d 456, 464 (Fla. 2010), which held that such an issue of immunity should be handled by a motion to dismiss under Florida Rule of Criminal Procedure 3.190(b) and, thus, should result in an order dismissing the case when the trial court finds the motion well taken.
Ultimately, the trial court did enter an order of dismissal in this case. While the substantive issue is close, we cannot conclude that the trial court erred in entering this order.
Affirmed.
LaROSE and KHOUZAM, JJ., Concur.