PER CURIAM.
Deodat Satyanand filed a petition for a writ of mandamus, seeking to compel the trial court to conduct a pretrial evidentiary hearing on his motion to dismiss the charges based on immunity from prosecution under section 776.032, Florida Statutes (2012) (justifiable use of force). Because Satyanand is entitled to receive a pretrial evidentiary hearing on this issue, we grant the petition.
Satyanand was charged with aggravated battery with great bodily harm. He filed a motion seeking dismissal of the charges, claiming immunity from prosecution under section 776.032, Florida Statutes (2012). A hearing on the motion was scheduled, but was continued at the request of the defense. Since the initial scheduling, nu *663 merous hearings to address the motion to dismiss were scheduled, but were either cancelled or continued because of good faith scheduling conflicts between the State, the trial court, and the defense. The trial court has now scheduled the case for trial and has verbally stated that it would address Satyanand’s motion to dismiss during the trial and not at a pretrial evidentiary hearing.
Given this pronouncement, Satyanand filed this petition for a writ of mandamus seeking to require the trial court to hold a pretrial evidentiary hearing on his motion. We issued an order to show cause for the State to respond. The State responded and conceded that “case law holds that the trial court should conduct a hearing”, but argued that Satyanand had not met his burden of demonstrating that he is entitled to receive mandamus relief and that most of the continuances in the trial court below were at the defense’s request.
Case law supports Satyanand’s argument that the trial court is required to conduct a pretrial evidentiary hearing on motions to dismiss based on a claim of immunity under section 776.032. Specifically, in Dennis v. State, 51 So.3d 456, 461-64 (Fla.2010), the Florida Supreme Court expressly held that where a criminal defendant files a motion to dismiss pursuant to section 776.032, the trial court should conduct a pretrial evidentiary hearing and decide the factual question of the applicability of statutory immunity. In so holding, the Court explained that “section 776.032 contemplates that a defendant who establishes entitlement to the statutory immunity will not be subjected to trial[,]” and expressly approved the First District’s ruling in Peterson v. State, 983 So.2d 27, 29-30 (Fla. 1st DCA 2008), which concluded that a trial court must conduct a pretrial evidentiary hearing to determine whether immunity attaches. Dennis, 51 So.3d at 462, 464; see also Prof 'l Roofing & Sales, Inc. v. Flemmings, 138 So.3d 524 (Fla. 3d DCA 2014) (explaining that a pretrial hearing is the appropriate forum for addressing Stand Your Ground immunity claims); Wonder v. State, 69 So.3d 371 (Fla. 4th DCA 2011) (holding that, based on the decision in Dennis, the defendant was entitled to receive a pretrial evidentiary hearing on the immunity issue); Legene v. State, 60 So.3d 1154 (Fla. 5th DCA 2011) (holding that defendant was entitled to receive mandamus relief and ordering the trial court to conduct a hearing on his motion to dismiss, claiming immunity from prosecution); Martinez v. State, 44 So.3d 1219 (Fla. 1st DCA 2010) (holding that the defendant was entitled to receive mandamus relief because he had a legal right to receive a pretrial evidentiary hearing on his immunity claim).
Accordingly, we grant the mandamus relief requested.
PETITION GRANTED; CAUSE REMANDED.
TORPY, C.J., SAWAYA and PALMER, JJ., concur.