# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5190
_____

ROY P. BOSTON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

November 30, 2018

ROWE, J.

Roy P. Boston appeals his judgment and sentence for battery, asserting that the trial court erred by denying his motion for mistrial and by applying the wrong standard in ruling on his motion for Stand Your Ground immunity. We affirm the denial of the motion for mistrial without further comment. However, based on this Court's recent decisions in *Commander v. State*, 246 So. 3d 1303 (Fla. 1st DCA 2018), and *Edwards v. State*, 2018 WL 4997631 (Fla. 1st DCA Oct. 16, 2018), we are constrained to reverse the trial court's ruling on the Stand Your Ground motion.

Before trial, the parties argued whether the 2017 amendment to the Stand Your Ground law, section 776.032(4), Florida Statutes, would apply to Boston's offense. Before the amendment,

a defendant, at a pretrial evidentiary hearing, had to prove by a preponderance of evidence that he was entitled to Stand Your Ground immunity. *Bretherick v. State*, 170 So. 3d 766, 775 (Fla. 2015). The amendment to the statute changed both the burden and quantum of proof required for establishing entitlement to immunity. Now, when a defendant raises a prima facie claim of Stand Your Ground immunity, the State must prove by clear and convincing evidence that the defendant is not entitled to immunity. § 776.032(4), Fla. Stat. (2017). Boston argued that this amendment to the Stand Your Ground law was procedural in nature and therefore applied retroactively to his 2016 offense.

The trial court rejected Boston's argument and concluded that the 2017 amendment was a substantive change in the law, and therefore, the amendment applied prospectively from the date of the enactment, over one year after Boston's offense. The court determined that Boston had the burden to show entitlement to immunity by a preponderance of evidence. After the defense rested, the trial court found that Boston failed to meet this burden and denied Boston's motion for immunity. The jury convicted Boston of battery, and this appeal followed.

Based on this Court's recent decisions in *Commander* and *Edwards*, where this Court determined that the 2017 amendment to the Stand Your Ground law applies retroactively, Boston is entitled to a new immunity hearing. *Commander*, 246 So. 3d at 1304; *Edwards*, 2018 WL 4997631 at *1, n.1. *See also Martin v. State*, 43 Fla. L. Weekly D1016, 2018 WL 2074171 (Fla. 2d DCA May 4, 2018) (holding that the 2017 amendment to section 776.032 is procedural in nature and therefore can be applied retroactively). *But see Love v. State*, 247 So. 3d 609 (Fla. 3d DCA 2018) (applying the 2017 amendment prospectively after concluding it was a substantive change in the law and certifying conflict with *Martin),* *review granted*, SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018); *Hight v. State*, 43 Fla. L. Weekly D1800, 2018 WL 3769191 (Fla. 4th DCA Aug. 8, 2018) (agreeing with the Third District in *Love*).

Accordingly, based on this Court's binding decisions in *Commander* and *Edwards*, we reverse and remand for the trial court to reconsider Boston's motion for immunity under the Stand Your Ground statute and the State's burden of proof under section

776.032(4), Florida Statutes (2017). Ordinarily, the merits of a motion to dismiss filed under Florida's Stand Your Ground law should be determined *before* trial at a pretrial evidentiary hearing because the central purpose of such a motion is for the defendant to seek immunity from trial. *See Dennis v. State*, 51 So. 3d 456, 461-64 (Fla. 2010) (holding that where a criminal defendant files a motion to dismiss pursuant to section 776.032, the trial court should conduct a pretrial evidentiary hearing and decide the factual question of the applicability of statutory immunity); *see also Satyanand v. State*, 147 So. 3d 662, 663 (Fla. 5th DCA 2014); *Martinez v. State*, 44 So. 3d 1219, 1220 (Fla. 1st DCA 2010); *Peterson v. State*, 983 So. 2d 27, 29 (Fla. 1st DCA 2008). Proceeding to trial before determining whether the defendant is entitled to immunity frustrates the purpose of the immunity provided for in the statute. However, here the parties stipulated that the trial court need not conduct the immunity hearing before trial, but could instead consider Boston's motion for immunity at trial. For this reason, on remand the trial court may rely on the evidence adduced at trial to determine whether the State met its burden under section 776.032(4), Florida Statutes (2017), or, in the alternative, hold a new evidentiary hearing.

AFFIRMED in part; REVERSED in part and REMANDED.

WOLF and LEWIS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Andy Thomas, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Amit Agarwal, Solicitor General; Edward M. Wenger, Chief Deputy Solicitor General; and Christopher J. Baum, Deputy Solicitor General, Tallahassee, for Appellee.

3