# Supreme Court of Florida

————

No. SC20-1164

————

**ROY P. BOSTON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

October 7, 2021

CANADY, C.J.

In this case we consider whether a defendant convicted by jury verdict after raising a self-defense claim is entitled to a new immunity hearing if the trial court applied the incorrect standard at the immunity hearing under section 776.032, Florida Statutes (2017), known as Florida's Stand Your Ground law. We have for review *Boston v. State* (*Boston II*), 296 So. 3d 580, 582 (Fla. 1st DCA 2020), in which the First District answered that question in the negative and, in doing so, certified conflict with the Second District's decision in *Nelson v. State*, 295 So. 3d 307 (Fla. 2d DCA

2020).  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.  We approve the First District's holding in *Boston II* and disapprove *Nelson.*

## I.  BACKGROUND

Under the Stand Your Ground law, a person is generally "immune from criminal prosecution and civil action" when that person justifiably uses or threatens to use force under certain circumstances.  § 776.032(1), Fla. Stat. (2017).  The immunity from prosecution "includes arresting, detaining in custody, and charging or prosecuting the defendant."  *Id.*  Section 776.032 provides immunity for "[a] person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031."  *Id.*  Relevant to this case, section 776.012 provides:

> (1) A person is justified in using or threatening to use force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force.  A person who uses or threatens to use force in accordance with this subsection does not have a duty to retreat before using or threatening to use such force.
>
> (2) A person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself

or herself or another or to prevent the imminent commission of a forcible felony. A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in a place where he or she has a right to be.

§ 776.012, Fla. Stat. (2017).

The question presented here regards the proper remedy for the application of an incorrect burden of proof at an immunity hearing. In 2015, this Court held that "the defendant bears the burden of proof, by a preponderance of the evidence, to demonstrate entitlement to Stand Your Ground immunity at the pretrial evidentiary hearing." *Bretherick v. State*, 170 So. 3d 766, 775 (Fla. 2015), *superseded by statute as stated in Sparks v. State*, 299 So. 3d 1 (Fla. 4th DCA 2020). In apparent response to *Bretherick*, the Legislature amended section 776.032 in 2017, adding the following subsection:

> (4) In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

*See* Ch. 2017-72, Laws of Fla.; § 776.032(4), Fla. Stat. (2017). The amendment provided that it would "take effect upon becoming a law," which occurred on June 9, 2017. *Id.* In light of the 2017 amendment, a defendant is no longer required to prove that he or she acted in self-defense by a preponderance of the evidence at an immunity hearing; instead, a defendant need only make a prima facie showing at that point. To defeat the claim of immunity, the State must prove by clear and convincing evidence that the defendant did not act in self-defense.

Boston was charged with aggravated battery with a deadly weapon, arising from a 2016 altercation in which he struck his former employer with a hammer. Boston filed a motion to dismiss, arguing that he was entitled to immunity under section 776.032. The parties agreed that the trial court would hear Boston's immunity motion during trial. Before commencing the trial and immunity hearing on November 8, 2017, the trial court heard argument regarding whether to apply the 2017 burden-shifting amendment to section 776.032 retroactively in Boston's case. The trial court ruled that the preamendment standard set forth in *Bretherick* would apply, and Boston would bear the burden of proof

and be required to establish his entitlement to immunity by a preponderance of the evidence. After the immunity hearing was held during the trial, the trial court rejected Boston's claim of immunity. The jury also rejected Boston's self-defense claim, and ultimately convicted him of the lesser included offense of misdemeanor battery.

While Boston's initial appeal was pending review in this Court in 2019, we decided *Love v. State*, 286 So. 3d 177 (Fla. 2019), in which we held that the 2017 amendment to section 776.032 applied to immunity hearings taking place on or after the statute's effective date of June 9, 2017. Thus, it should have applied to Boston's immunity hearing, which was held on November 8, 2017. As a result, this Court granted the State's petition for review of *Boston v. State* (*Boston I*), 260 So. 3d 445, 446 (Fla. 1st DCA 2018), *quashed*, 45 Fla. L. Weekly S134 (Fla. Feb. 28, 2020), quashed the First District's decision below, and remanded to the First District for reconsideration in light of *Love* and section 776.032(4), Florida Statutes (2017).

On remand, the First District concluded that because Boston's immunity hearing took place after the amendment's effective date,

the trial court erred in failing to apply the 2017 amendment in that hearing. But because Boston was subsequently convicted at trial, the First District considered "whether a defendant convicted at trial by proof beyond a reasonable doubt is entitled to a new immunity hearing if the trial court applies the wrong standard at a hearing conducted after the effective date of the amendment to the Stand-Your-Ground statute." *Boston II*, 296 So. 3d at 582. The court held that "under those circumstances, a defendant is not entitled to a new immunity hearing." *Id.* The court reasoned that because "[t]he State's trial burden of overcoming the defendant's self-defense claim by proof beyond reasonable doubt is heavier than its pretrial burden of overcoming the defendant's self-defense immunity claim by clear and convincing evidence," a trial court's error "in applying the correct burden at the immunity hearing can be cured if the State establishes the defendant's guilt at trial by proof beyond a reasonable doubt." *Id.* at 583. And "[b]ecause the State overcame Boston's self-defense claim by meeting the heavier trial burden of proof beyond a reasonable doubt, the trial court's failure to require the State to overcome Boston's immunity claim with clear and convincing evidence was cured." *Id.* at 583-84.

The First District therefore affirmed Boston's conviction and sentence but certified conflict with *Nelson*, in which the Second District held, without explanation or elaboration, that a defendant was entitled to a new immunity hearing after the trial court erroneously applied the preamendment burden of proof in his immunity hearing, even though he had subsequently been convicted by a jury. *Nelson*, 295 So. 3d 307. We now resolve that conflict.

## II. ANALYSIS

In order to resolve the conflict presented, we look to our earlier decision in *Dennis v. State*, 51 So. 3d 456 (Fla. 2010). In *Dennis*, "we consider[ed] whether a trial court should conduct a pretrial evidentiary hearing and resolve issues of fact when ruling on a motion to dismiss asserting immunity from criminal prosecution pursuant to section 776.032, Florida Statutes (2006)." 51 So. 3d at 458. Dennis was charged with attempted first-degree murder (later reduced to aggravated battery) and sought immunity by filing a motion to dismiss under section 776.032. *Id.* at 458-59. The trial court denied Dennis an evidentiary hearing on his motion, "conclud[ing] that in enacting section 776.032, the Legislature did

not intend to take the question of immunity away from the jury." *Id.* at 458. The jury ultimately convicted Dennis of the lesser included offense of felony battery. *Id.* at 459.

After concluding that the trial court erred in denying Dennis an evidentiary hearing, we held that the error was harmless because there was "no reasonable possibility that the trial court's failure to make a pretrial evidentiary determination regarding Dennis's immunity claim contributed to Dennis's conviction" at trial, because Dennis presented his claim of self-defense to the jury, but the jury rejected that claim and "determined that the evidence established beyond a reasonable doubt that Dennis committed the lesser included offense of felony battery." *Id.* at 464.

The First District's decision in *Boston II* is consistent with *Dennis.* *Dennis* concluded that when a jury determines that the defendant is guilty beyond a reasonable doubt, notwithstanding a claim of self-defense, that determination cures the trial court's erroneous failure to hold a pretrial immunity hearing; *Boston II* similarly held that the same jury determination cures a trial court's erroneous application of an incorrect burden and standard of proof at an immunity hearing.

The 2017 amendment to section 776.032 states that "once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity." § 776.032(4), Fla. Stat. (2017).  But at a trial, the party seeking to overcome the immunity—the State—must overcome the defendant's claim of self-defense by a higher standard of proof: beyond a reasonable doubt.  When the State proves beyond a reasonable doubt that the defendant did not act in self-defense, the clear and convincing requirement is ultimately met and exceeded.  And although any legal error at the pretrial immunity hearing may, as Boston claims, be "insulated from review once a defendant has invoked his right to trial," a defendant who avails him or herself to a *pretrial* immunity hearing and who believes legal error was committed at the *pretrial* immunity hearing may still seek relief by filing a petition for a writ of prohibition[1] before invoking his or her

_____

1.  A defendant may also challenge the denial of pretrial immunity by entering a plea of no contest, reserving the right to

- 9 -

right to a trial. Boston did not have the opportunity to seek review of the denial of his immunity motion before a verdict was rendered only because he voluntarily chose to waive his right to a pretrial immunity hearing by agreeing to have his motion to dismiss heard during the trial.

The First District's opinion is well reasoned, legally sound, and in line with *Dennis.* The First District correctly observed that "[t]he State's trial burden of overcoming the defendant's self-defense claim by proof beyond reasonable doubt is heavier than its pretrial burden of overcoming the defendant's self-defense immunity claim by clear and convincing evidence." *Boston II*, 296 So. 3d at 583 (citing *Love*, 286 So. 3d at 180). And thus, "a trial court's error in applying the correct burden at the immunity hearing can be cured if the State establishes the defendant's guilt at trial by proof beyond a reasonable doubt." *Id.* As applied here, the First District properly concluded that the trial court's failure to require the State to overcome Boston's immunity claim with clear and convincing

---

appeal the denial of the motion. *See, e.g., Edwards v. State*, 257 So. 3d 586, 587 (Fla. 1st DCA 2018).

evidence was cured when "the State overcame Boston's self-defense claim by meeting the heavier trial burden of proof beyond a reasonable doubt." *Id.* at 583-84.

In order to convict Boston at trial, the jury had to reject his claim of self-defense by concluding beyond a reasonable doubt that he did not act in self-defense. *See* Fla. Std. Jury Instr. (Crim.) 3.6(f)-(g). To now vacate Boston's conviction (and his waiver of a *pretrial* immunity hearing) and remand for a new pretrial immunity hearing at which the State would be required to prove by the lesser standard of clear and convincing evidence that Boston did not act in self-defense would violate the statutory prohibition on reversing a judgment in the absence of error "that injuriously affected the substantial rights of the appellant." § 924.33, Fla. Stat. (2021).[2]

## III.  CONCLUSION

For the reasons explained, we approve the decision of the First District in *Boston II* and disapprove the decision of the Second District in *Nelson.*

---

2.  Boston raises several other arguments in favor of approving *Nelson* that are foreclosed by the fact that he waived his right to a pretrial immunity hearing and do not warrant further discussion.

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions

    First District - Case No. 1D17-5190

    (Leon County)

Jessica J. Yeary, Public Defender, Lori A. Willner, and Kasey Lacey, Assistant Public Defenders, Second Judicial Circuit, Tallahassee, Florida,

    for Petitioner

Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, and Christopher J. Baum, Senior Deputy Solicitor General, Tallahassee, Florida,

    for Respondent